**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON (SEATTLE)**

| | |
|---|---|
| **MELISSA A. REIMER** | Cause No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| **THE COUNTY OF SNOHOMISH, a political subdivision of Washington State, SNOHOMISH COUNTY FIRE DISTRICT #1, an agent of Snohomish County, BRAD REDDING, an agent and employee of Snohomish County, in his official capacity and individually.** | |
| Defendant. | |

**COMES NOW** the Plaintiff, Mellissa A. Reimer, by and through her attorneys of record Edward C. Chung, and the law firm of CHUNG, MALHAS & MANTEL, PLLC., for causes of action against the Defendants and alleges as follows:



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

# I. PARTIES

1.1 Plaintiff Mellissa A. Reimer is a member of the armed services and is currently a resident of Oregon. At the time the occurrences alleged herein she was a resident of Snohomish, County Washington.

1.2 Defendant Snohomish County is a political subdivision of the State of Washington authorized to do business in the State of Washington. At all times relevant hereto Defendant owned and operated Snohomish County Fire District #1 and is responsible for the acts of its employees, agents, representatives, and by way of Respondeat Superior.

1.3 Defendant Snohomish County includes, as one of its agencies, Snohomish County Fire District #1. At all times relevant to this Complaint the Snohomish County Fire District #1 and the County of Snohomish were the employer of Brad Redding. Upon information and belief Snohomish County Fire District is governed by a Board of Commissioners

1.3 Defendant Brad Redding upon information and belief is a resident of Snohomish County. Washington. He is, and was at all relevant times, the Fire Chief for the Snohomish County Fire District 1. The acts alleged herein were done in the scope of his employment, which employment was for the benefit and on behalf of his marital community. At all relevant times, he was part of Plaintiff's supervisory chain of command, and was Plaintiff's "supervisor" and "manager" under federal and state anti-discrimination law. He perpetrated, participated in, aided, abetted, encouraged, or incited discriminatory conduct against Plaintiff in violation of federal and state anti-discrimination law, and he is personally liable for such violations of law.

1.4 Defendant Mr. Redding is sued in his individual capacity and in his official capacity as an agent and employee of Snohomish County.

# II. JURISDICTION AND VENUE

2.1 This Court has original jurisdiction over the federal claims in this lawsuit pursuant to 28 U.S.C. §§ 1311 and 1343 since the claims here include violation of Americans with Disabilities Act (ADA) 18 U.S.C. §2510 for acts and conduct performed entirely within this jurisdiction. This Court has jurisdiction over the related State Law claims pursuant to 28 U.S.C. § 1367.

2.2 Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants are located in the Western District of Washington and because the events and omissions giving rise to Plaintiff's claims occurred in this district.

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.1    On December 12, 2016, Plaintiff was issued a Dismissal and Notice of Rights from the US Equal Opportunity Commission and has thus sufficiently exhausted all administrative remedies. She has brought this action within ninety days of his receipt of such notice.

### IV. FACTUAL ALLEGATIONS

*Plaintiff re-alleges paragraphs 1.1 through 3.1 and incorporates them herein as if set forth in full.*

4.1    Plaintiff is a female who worked for the Snohomish County Fire District #1. Plaintiff was diagnosed with PTSD due to a sexual assault that occurred while she was on active duty in the military.

4.2    Plaintiff after an evaluation was instructed by her doctor that she should have an emotional support animal ("ASA")

4.3    On April 12, 2016, Interim Fire Chief, Brad Redding, entered a confidential meeting Plaintiff and Bill Kolden regarding the audit of the HR department. Mr. Redding stated dogs were not permitted in the fire department buildings and that Plaintiff must leave immediately.

4.4    Plaintiff was unaware that SCFD 1 had created a "no dogs" policy for department buildings. During the time any such policy might have been in place Plaintiff was on paid administrative leave pending investigation of her ability to continue employment with PTSD.

4.5    As a result of Mr. Redding's action Plaintiff was as forced to conduct her private interview in a public location with coworkers walking past.

4.6    Plaintiff has since observed other employees have brought dogs to the fire stations and had no actions taken against them. In particular, on July 2016, John Magee informed Plaintiff that a male coworker showed up for an overtime shift with his dogs and Captain Redding allowed the dogs in the fire station.

4.7    Plaintiff received notification in August 2016, after filing her EEOC complaint that SCFD 1 set up a psychiatric evaluation and physical duty fitness assessment. Plaintiff contacted the psychiatrists, and attended the appointment. The Psychiatrist deemed Plaintiff fit for duty and not

COMPLAINT FOR DAMAGES- PAGE 3 OF 5



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

a potential harm to coworkers, herself, or others. The Psychiatrist additionally agreed that Plaintiff should be allowed an ESA while at the fire station.

### V.   CLAIMS AGAINST THE DEFENDANT

#### FIRST CLAIM
*Disability Discrimination Under Title III of the Americans with Disabilities Act (ADA),*
*42 U.S.C. § 12111, et seq.*

*Plaintiff re-alleges paragraph 1.1 through 4.7 above as though fully set forth in this claim.*

5.1   Plaintiff was regarded by the Defendant as having a disability. Such disability is covered by the Americans with Disabilities Act.

5.2   Defendants discriminated against Plaintiff by denying her a full and equal opportunity to do his job.

#### SECOND CLAIM
*Disability Discrimination Under RCW 49.60.030*

*Plaintiff re-alleges paragraph 1.1 through 5.2 above as though fully set forth in this claim.*

5.3   Plaintiff was regarded by the Defendant as having a disability. Such disability is covered by Washington's Law Against Discrimination.

5.4   By denying Plaintiff equal opportunity to work on the basis of her perceived disability, Defendant discriminated against Plaintiff.

5.5    Plaintiff has sustained damages as a result of Defendant's unlawful conduct and discriminatory actions and inactions.

#### THIRD CLAIM
*Sexual Discrimination Under 42 U.S.C. § 2000, et seq.*

*Plaintiff re-alleges paragraphs 1.1 through 5.5 and incorporates them herein as if set forth in full.*

5.6   Plaintiff was discriminated against on the basis of her gender. Specifically, male employees were allowed to bring dogs to the station, for pleasure, but Plaintiff, who several doctors said needed a

COMPLAINT FOR DAMAGES- PAGE 4 OF 5



CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098

dog for PTSD sustained while deployed in the service of our country, and after a sexual assault, could not.

## FOURTH CLAIM
### *Intentional and Negligent Infliction of Emotional Distress*

*Plaintiff re-alleges paragraph 1.1 through 5.6 above as though fully set forth in this claim.*

5.7  Defendants' conduct was extreme and outrageous and was done with the wrongful and malicious purpose of harming and harassing Plaintiff.

5.8  Plaintiff has sustained extreme emotional distress and has had physical manifestations of such distress which was proximately caused by Defendant's intentional, reckless and negligent conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, having fully stated his causes of action, Plaintiff prays for judgment as follows:

1. An award and entry of judgment in favor of Plaintiff and against Defendants fopr damages proximately caused by Defendants' unlawful conduct;
2. All other non-economic damages available under any and all of the available causes of action;
3. Costs and attorneys' fees and costs pursuant to 42 U.S.C. 12205 and RCW 49.60.030(2);
4. Punitive damages as provided for in Title VII as amended by the Civil Rights Act of 1991 and;
5. Such other and further relief as the Court deems just and equitable under the circumstances.

*Respectfully submitted this 12th day of March 2017*

*/s/ Edward C. Chung*
Edward C. Chung, WSBA# 34292
Attorney for Plaintiff



COMPLAINT FOR DAMAGES- PAGE 5 OF 5

CHUNG, MALHAS & MANTEL, PLLC
1511 Third Avenue, Suite 1088
Seattle, Washington 98101
Phone: (206) 264-8999 ♦ Facsimile (206) 264-9098