THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA A. REIMER

Plaintiff,

v.

THE COUNTY OF SNOHOMISH,
SNOHOMISH COUNTY FIRE DISTRICT
#1, AND BRAD REDDING,

Defendants.

CASE NO. 2:17-CV-00384-RAJ

ORDER

This matter comes before the Court on Defendants' Motion to Quash Service and to Dismiss. Dkt. # 16. Plaintiff opposes the motion. Dkt. # 18. For the reasons that follow, the Court **GRANTS in part and DENIES in part** the motion.

**I.     BACKGROUND**

Plaintiff filed suit against Defendants Snohomish County Fire District # 1 ("Fire District") and Fire Chief Brad Reading, in his individual and official capacity, for federal and state discrimination claims and emotional distress. Dkt. # 1 (Complaint). Plaintiff has been represented by counsel since commencing the lawsuit. Nonetheless, Plaintiff did not properly serve Defendants with the Complaint and Summons, and the Court issued an order to show cause why it should not dismiss the claims for failure to serve. Dkt. # 4.

ORDER– 1

Plaintiff, through her attorneys, responded to the order to show cause and committed to properly serving Defendants. Dkt. # 9.

To serve Mr. Reading, Plaintiff served the Washington State Attorney General, Dkt. # 10, and Mr. Reading's administrative assistant, Dkt. # 11. Plaintiff did not file any affidavits of service of summons and complaint that directly addressed the Fire District. Weeks after Defendants filed this motion and well after its noting date, Plaintiff asked the clerk to issue summons on the Fire District. Dkt. # 20. The clerk electronically issued summons to the Fire District but no response from the Fire District has been recorded. Dkt. # 21.

## II. LEGAL STANDARD

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). It is axiomatic that the court cannot exercise jurisdiction over a defendant without proper service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *S.E.C. v. Ross*, 504 F. 3d 1130, 1138–39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process.").

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action where service of process of a summons and complaint is insufficient. *See* Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F. 3d 903,

ORDER– 2

910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**III. DISCUSSION**

A. <u>Failure to properly serve the Fire District and Mr. Reading</u>

The Fire District is a government entity that must be served pursuant to Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) requires Plaintiff to serve the Fire District by either (1) serving the chief executive officer, or (2) serving "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In Washington, plaintiffs suing a fire district must serve "the superintendent or commissioner thereof or by leaving the same in his or her office with an assistant superintendent, deputy commissioner, or business manager during normal business hours." Wash. Rev. Code Ann. § 4.28.080. As an initial matter, Plaintiff did not direct any summons to the fire district. Fed. R. Civ. P. 4(a)(1) (requiring summons to be directed to the defendant). She only directed summons to Mr. Reading. However, even if she had directed summons to the fire district, she did not serve any entity listed in RCW § 4.28.080.

ORDER– 3

Plaintiff is suing Chief Reading in both his individual and official capacity, but she failed to effectuate proper service either way. To serve Mr. Reading in his official capacity, Plaintiff needed to serve the Fire District, which she failed to do properly. To serve Mr. Reading in his individual capacity, Plaintiff needed to abide by the requirements of Rule 4(e). She did not properly serve Mr. Reading as an individual.

Plaintiff did not satisfy her burden of demonstrating proper service on the Fire District or on Mr. Reading. As such, the Court has discretion to either dismiss or retain the action. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Arasan Chip Sys., Inc. v. Sonix Tech. Co. Ltd.*, No. 509–CV–02172 JF PVT, 2010 WL 890424, at *1 (N.D. Cal. Mar. 8, 2010) (internal quotation omitted); *see also Randolph v. City of E. Palo Alto*, No. C 06–07476 SI, 2007 WL 1232057, at *3 (N.D. Cal. Apr. 26, 2007) (noting that "[i]f the Court decides not to dismiss, it quashes the ineffective service that has been made on the defendant and provides the plaintiff the opportunity to serve the defendant again effectively"); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F. 3d 1288, 1293 (9th Cir. 2006) (noting that "even if service were insufficient—on which we express no opinion—we could not simply affirm dismissal because the district court has discretion to dismiss an action or to quash service"). Here, the Court determines that there is a reasonable prospect that service can be properly effectuated, and therefore, the Court retains the action but quashes Plaintiff's prior attempts at service. Plaintiff must, within 21 days of the date of this Order, properly effectuate service on Defendants pursuant to Rule 4. In addition, within 21 days of the date of this Order, Plaintiff must file a submission with the Court clearly establishing her proper service of the summons and a copy of the complaint on Defendants. Alternatively, the parties may work together to stipulate to proper service.

ORDER– 4

B. <u>Dismissal of state tort claims</u>

Washington's claim filing statute requires plaintiffs to give local government entities notice prior to filing suit for tortious conduct. RCW § 4.96.020(4)[1]. Plaintiff argues that the Equal Employment Opportunity Commission (EEOC) complaint and Right to Sue letter were sufficient to satisfy the claim filing statute. Dkt. # 18 at 10 (claiming that the EEOC complaint and Right to Sue substantially comply with RCW § 4.96.020 but failing to attach the EEOC complaint and Right to Sue letter to the brief). But neither of these documents satisfy the purpose of the claim filing statute: alerting the Fire District to Plaintiff's decision to sue. Because Plaintiff concedes that she failed to properly serve the Fire District, the Court **GRANTS** Defendants' motion with regard to Plaintiff's disability discrimination claim and her claims for emotional distress.[2]

//
//
//
//
//
//

---

[1] The relevant portion of the statute reads:

> No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

Wash. Rev. Code Ann. § 4.96.020.

[2] Although the Court is allowing Plaintiff additional time to properly serve the Complaint and Summons, the Court finds that any attempt to litigate the state tort claims—in light of the procedural errors—is futile.

ORDER– 5

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' motion. Dkt. # 16. The Court **GRANTS** the motion with regard to Plaintiff's state tort claims for disability discrimination and emotional distress. The Court grants Plaintiff additional time to properly serve Defendants with the Complaint and Summons so that she may have an opportunity to litigate the remaining claims. The Court directs the clerk to dismiss this matter if Plaintiff does not properly serve Defendants within 21 days from the date of this Order.

Dated this 11th day of May, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER– 6