Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA A. REIMER,

          Plaintiff,

      v.

THE COUNTY OF SNOHOMISH, a
political subdivision of Washington State;
SNOHOMISH COUNTY FIRE
DISTRICT #1, as agent of Snohomish
County, BRAD REDDING, an agent and
employee of Snohomish County, in his
official capacity,

          Defendants.

No. 2:17-cv-00384-RAJ

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

This matter is before the Court on Defendants' motion for summary judgment

(Dkt. # 57).  For the following reasons, Defendants' motion is **GRANTED**.

## I.    BACKGROUND

On March 12, 2017, Plaintiff filed suit against Defendants Snohomish County Fire District # 1 ("Fire District") and Fire Chief Brad Reading, in his individual and official capacity, asserting federal discrimination claims under Title III of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act and state discrimination and emotional distress claims. Dkt. # 1.  Plaintiff failed to properly serve Defendants and on December 28, 2017, Defendants moved to dismiss Plaintiff's complaint for failure to properly effectuate service. Dkt. # 27.  Defendants also moved to dismiss Plaintiff's state claims under Fed. R. Civ. P. 12(b)(6).  *Id.*

The Court granted the motion as to Plaintiff's state discrimination and emotional distress claims, noting that Plaintiff had failed to comply with Washington's claim filing statute which requires plaintiffs to give local government entities notice prior to filing suit for tortious conduct. Dkt. # 32 at 5.  However, the Court gave Plaintiff leave to properly serve her complaint with the remaining claims.  *Id.*  On June 22, 2018, Defendants moved to dismiss Plaintiff's remaining federal claims under Fed. R. Civ. P. 12(b)(6). Dkt. # 35.  The Court granted Defendants' motion to dismiss for failure to state a claim, noting that Plaintiff failed to allege sufficient facts to support her claims of disability and sex discrimination. Dkt. # 46.

In response, Plaintiff filed an amended complaint realleging her previously dismissed state discrimination and emotional distress claims and once again alleging claims of disability discrimination under Title III of the ADA. Dkt. # 47.  Defendants now move for summary judgment.  Dkt. # 57.

## II.    LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

If the moving party shows that there are no genuine issues of material fact, the opposing

party must set forth specific facts showing that there is a genuine issue of fact for trial.

*Id.* The court must view the evidence in the light most favorable to the nonmoving party.

*Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150−51 (2000).

## III.    DISCUSSION

### A. <u>State Law Discrimination and Emotional Distress Claims</u>

Defendants first move for summary judgment as to Plaintiff's state

discrimination and emotional distress claims. The Court previously dismissed these

claims for failure to comply with Washington's claim filing statute, noting that further

attempts to litigate the state tort claims would be "futile" given the procedural errors.

Dkt. # 32 at 5. Nonetheless, Plaintiff realleged these claims in her amended complaint.

Dkt. # 46.

Washington's claim filing statute requires plaintiffs to give local government

entities notice prior to filing suit for tortious conduct. RCW § 4.96.020(4).

Specifically, the statute provides:

> No action subject to the claim filing requirements of this section shall be
> commenced against any local governmental entity, or against any local
> governmental entity's officers, employees, or volunteers, acting in such
> capacity, for damages *arising out of tortious conduct* until sixty calendar
> days have elapsed after the claim has first been presented to the agent of
> the governing body thereof.

RCW § 4.96.020(4) (emphasis added). Plaintiff first argues that the claim filing statute

does not apply because her Washington Law Against Discrimination ("WLAD") claim

is not a claim for damages "arising out of tortious conduct" under RCW § 4.96. Dkt. #

58 at 4. This argument is without merit. Washington courts have previously held that

that all WLAD claims "sound in tort" and pre-claim filing statutes apply to WLAD

claims. *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wash. App. 147, 155 (2010); *Blair v.*

*Wash. State Univer*sity, 108 Wash.2d 558 (1987).

Plaintiff also argues that the Equal Employment Opportunity Commission (EEOC) complaint and Right to Sue letter were sufficient to satisfy the claim filing statute. The Court has already addressed and rejected this argument and will not revisit it here. Dkt. # 32 at 5. Finally, Plaintiff argues that Defendants are "statutorily barred" from raising this defense because Defendants did not appoint and record a claim agent as required under RCW 4.96. Dkt. # 58 at 2. Defendants dispute this fact and provide public records which show that Defendants recorded an appointment of claim agent with the Snohomish County Auditor on October 4, 2001 and November 2, 2017. Dkt. ## 60, 61.[1] In sum, Plaintiff has failed to establish a genuine issue of material fact as to why her claims are not barred by the claim filing statute. Accordingly, Plaintiff's state discrimination and emotional distress claims fail as a matter of law.

## B. ADA Title III Disability Discrimination Claim

Defendant next moves for summary judgment as to Plaintiff's Title III claims for disability discrimination. Specifically, Defendants argue that this claim fails as a matter of law because Title III claims can only be brought against private entities. Dkt. # 57 at 3. The law is clear on this point — Title III claims cannot be brought against public entities. The ADA definition of "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C.A. § 12131. Because Snohomish County Fire District #1 is a "special purpose district," Plaintiff's Title III claim fails as a matter of law. *Snohomish Cty. Fire Prot. Dist. No. 1 v. Washington State Boundary Review Bd. For Snohomish Cty.*, 155 Wash. 2d 70, 72 (2005). In her opposition brief, Plaintiff acknowledges the

---

[1] The Court may take judicial notice, *sua sponte,* of a "fact not subject to reasonable dispute" at any stage of the proceeding. This includes undisputed matters of public record. *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute).

Title III claim fails but suggests she be given leave to amend her complaint to assert a claim under Title II of the ADA.   Dkt. # 58 at 7.[2]

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  This policy, however, must be tempered with considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The presence of such factors counsels against granting leave to amend.  Additionally, where the primary motivation for an amendment is surviving summary judgment, the movant's motive weighs against granting leave to amend.  *See Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (prejudice may be found where additional claims are "raised at the eleventh hour, after discovery [is] virtually complete and the [defendant's] motion for summary judgment [is] pending before the court."); *Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc*., 416 F. Supp.2d 861, 871 (E.D. Cal. 2004) ("... a movant may not amend the pleadings to escape summary judgment.").

The balance of factors weighs against granting leave to amend in this case.  This case has been pending for three years.  The deadline to file amended pleadings was October 30, 2019.  Dkt. # 53.  This Court has given Ms. Reimer multiple opportunities to correct various procedural issues and defects in her complaints and yet both of her complaints contained a Title III disability discrimination claim.  Plaintiff only now moves to amend her complaint after Defendants filed a motion for summary judgment. Accordingly, Defendants' motion for summary judgment as to this claim is GRANTED.

---

[2] Plaintiff did not file a motion for leave to amend or attach a copy of her proposed amended complaint.

# IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion for summary judgment.  Dkt. # 57.

DATED this 9th day of March, 2020.

The Honorable Richard A. Jones
United States District Judge