Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA A. REIMER,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF SNOHOMISH, a political subdivision of Washington State; SNOHOMISH COUNTY FIRE DISTRICT #1, as agent of Snohomish County, BRAD REDDING, an agent and employee of Snohomish County, in his official capacity,<br><br>Defendants. | No. 2:17-cv-00384-RAJ<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff's motion for reconsideration. Plaintiff's motion is **DENIED**. Dkt. # 66.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Plaintiff argues there are manifest legal and factual errors in this Court's order granting Defendants' motion for summary judgment

such that reconsideration is appropriate. Dkt. # 66. Specifically, Plaintiff contends that Defendants failed to provide sufficient evidence to establish that there was no genuine dispute of material fact regarding Plaintiff's failure to comply with Washington's claim filing statute. Dkt. # 66 at 8. The Court disagrees.

Plaintiff is correct that failure to appoint a claim agent may result in the inability of a local government entity to raise an exhaustion defense under RCW 4.96.020(2). In this case, however, Defendants offered Snohomish County Auditor records[1] evidencing their compliance with RCW 4.96.020, including the appointment of a claim agent. *See* Dkt. ## 60-62. Plaintiff, for her part, offered no evidence to show that she complied with the claim filing statute or to support her claims of Defendants' non-compliance, beyond her own conclusory allegations and self-serving testimony. Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Plaintiff's repeated allegations that Defendants did not identify a claim agent or comply with RCW 4.96.020, in the face of direct evidence to the contrary, do not create a genuine issue of material fact sufficient to survive summary judgment.[2]

---

[1] Plaintiff also appears to challenge the authenticity of the claim agent appoint forms recorded with the Snohomish County Auditor. Dkt. # 66 at 7. "A trial court may presume that public records are authentic and trustworthy. The burden of establishing otherwise falls on the opponent of the evidence, who must come 'forward with enough negative factors to persuade a court that a report should not be admitted.' " *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999) (quoting *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir.1992)). Plaintiff does not meet this burden.

[2] The fact that Defendants submitted evidence supporting the appointment of a claim agent in a reply brief is not dispositive. Although courts generally should not consider "new evidence" raised for the first time in a reply brief, in this case, Defendants' did not submit "new evidence." Rather, they rebutted arguments raised by Plaintiff in her opposition to Defendants' motion. *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (citing *Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007) ("[e]vidence is not 'new,' ... if it is submitted in direct response to proof adduced in opposition to a motion.").

Plaintiff also objects to this Court's denial of her request to amend her complaint to assert a claim under Title II of the ADA. It is within the discretion of the district court whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the court considered all relevant factors and ultimately concluded that leave to amend was not warranted. *See* Dkt. # 65 at 5 (noting this case has been pending for three years, Plaintiff was given previous opportunities to amend, and amendment was only requested *after* Defendants filed for summary judgment). This is consistent with Ninth Circuit precedent. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (prejudice may be found where additional claims are "raised at the eleventh hour, after discovery [is] virtually complete and the [defendant's] motion for summary judgment [is] pending before the court."); *Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc.*, 416 F. Supp.2d 861, 871 (E.D. Cal. 2004) ("... a movant may not amend the pleadings to escape summary judgment."). In sum, Plaintiff's motion identifies no new facts, legal authority, or manifest error necessitating reconsideration.

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**. Dkt. # 66.

DATED this 26th day of March, 2020.

*Richard A. Jones*
———————————————
The Honorable Richard A. Jones
United States District Judge