FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELISSA A. REIMER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SNOHOMISH COUNTY FIRE DISTRICT NO. 1, an agent of Snohomish County; BRAD REDDING, an agent and employee of Snohomish County, in his official capacity and individually, <br><br> Defendants-Appellees. | No.   20-35362 <br><br> DC No. 2:17-cv-0384-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted March 1, 2021
Seattle, Washington

Before:   TASHIMA, RAWLINSON, and BYBEE, Circuit Judges.
Concurrence by Judge RAWLINSON

   Plaintiff Melissa Reimer appeals the judgment in favor of Defendants

Snohomish County Fire District No. 1 and Brad Redding on her claims of

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

employment discrimination under the Americans With Disabilities Act ("ADA"), the Washington Law Against Discrimination, and her claims of intentional and negligent infliction of emotional distress under Washington tort law.  We have jurisdiction under 28 U.S.C. § 1291.  We review the grant of summary judgment de novo, *Pavoni v. Chrysler Grp., LLC*, 789 F.3d 1095, 1098 (9th Cir. 2015), and denial of leave to amend for an abuse of discretion, *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012).  We reverse and remand for further proceedings.

    **1.**    The district court erred by granting summary judgment to Defendants on Reimer's state law claims.  Revised Code of Washington ("RCW") § 4.96.020 provides that "[l]ocal governmental entities shall make available the standard tort claim form described in this section [or its own tort claim form in lieu of the standard tort claim form] with instructions on how the form is to be presented and the name, address, and business hours of the agent of the local governmental entity."  RCW § 4.96.020(3)(c).  The statute further provides that "[t]he failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter."  *Id.* § 4.96.020(2).

In her opposition to Defendants' motion for summary judgment, Reimer placed Defendants' compliance with § 4.96.020(3) at issue. "Plaintiff contends there is no tort claim form that Defendants have filed that reflects that it comports with the statutory requirements outlined [in] RCW 4.96.020(3) and that the tort claim form of Snohomish County Fire District #1 in 2015 parallels the State Tort Claim Form [promulgated by] Washington State's Office of Risk Management, Department of Enterprise Services." In response, Defendants presented no evidence to demonstrate their compliance with § 4.96.020(3). Accordingly, under the statute, Defendants are precluded from relying on Reimer's failure to file a notice of claim as an affirmative defense in this litigation. *See* RCW § 4.96.020(2).

RCW § 4.96.020(3)(d) is not to the contrary. Subsection (3)(d) applies when a governmental entity *provides* a claim form, but the form fails to require the relevant information or incorrectly lists the agent with whom the claim is to be filed. *Id.* Here, however, Defendants have not shown that they provided a claim form at all. RCW § 4.96.020(3)(d), therefore, does not apply. *See Fast v. Kennewick Pub. Hosp. Dist.*, 354 P.3d 858, 863–66 (Wash. Ct. App. 2015), *rev'd on other grounds*, 384 P.3d 232 (Wash. 2016) (en banc).

    **2.**    The district court abused its discretion by denying Reimer leave to amend her complaint with respect to her ADA claim. Claims of employment

discrimination fall under Title I of the ADA, 42 U.S.C. §§ 12111–17. This is true regardless of whether the defendant is a private employer or, as here, a public employer. *See Bass v. County of Butte*, 458 F.3d 978, 980 (9th Cir. 2006) (explaining that "Title I prohibits public and private employers from discriminating against qualified individuals with disabilities in employment practices"). Here, Reimer's pleadings correctly cited "42 U.S.C. § 12111" (which is a part of Title I), but mistakenly referred to "Title III." Based on the pleadings' mistaken reference to Title III, Defendants moved for summary judgment on the claim. In response, Reimer sought leave to amend her first amended complaint, describing the pleadings' reference to Title III as a "scrivener's error." The district court denied leave to amend, noting that the case had been pending for three years, the deadline for amending the pleadings had passed, and a motion for summary judgment was pending.

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*,

371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

Here, there was no evidence of undue delay, bad faith, or dilatory motive on the part of Reimer. Reimer promptly sought to correct the pleadings' mistaken reference to Title III as soon as the error was brought to her attention. It is well established, moreover, that "[d]elay alone does not provide sufficient grounds for denying leave to amend." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). And a scheduling order can be amended upon a showing of good cause. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Nor does this case involve repeated failure to cure deficiencies by amendments previously allowed. Although Reimer had amended her complaint once before, that amendment had nothing to do with the complaint's mistaken reference to Title III. Reimer was seeking her first opportunity to cure this error, and, as noted, she sought that opportunity as soon as she was made aware of it.

Finally, Defendants have not shown, or even attempted to show, that they would be prejudiced by the amendment. There certainly is no evidence that Defendants relied to their detriment on the pleadings' reference to Title III. In fact,

in an earlier motion to dismiss Reimer's ADA claim,  Defendants plainly construed the claim as arising under Title I and challenged it on that basis.  Defendants there argued that "Plaintiff does not assert facts sufficient to give rise to a cognizable claim *under 42 U.S.C. § 12111 et seq.*"  (Emphasis added.)

· • ·

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this disposition

**REVERSED and REMANDED.**

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Reimer v. Snohomish Cty. Fire Dist. No. 1*, **Case No. 20-35362**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.